# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2007

Charles R. Fulbruge III
Clerk

No. 05-41401
Summary Calendar

REGINALD EUGENE JACKSON

Plaintiff-Appellant

v.

UNIDENTIFIED YOUNG, Eastham Unit Physician Assistant; UNIDENTIFIED ONUORA, Eastham Unit Physician Assistant; UNIDENTIFIED JONES, Eastham Unit Physician Assistant; DR UNIDENTIFIED KYLES, Eastham Unit Doctor; UNIDENTIFIED CHAMBERS, Eastham Unit Nurse; UNIDENTIFIED POWERS, Eastham Unit Nurse; BILL LEWIS, Eastham Unit Officer; UNIDENTIFIED WILLIAMS, Eastham Unit Doctor; UNIDENTIFIED LATHAM, Eastham Unit Nurse; UNIDENTIFIED HUGHES

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-234

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reginald Eugene Jackson, Texas prisoner # 1018935, appeals the dismissal of his pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim. He alleged that he sustained injuries after falling down a flight of stairs and contended that the fall was the product

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of deliberate indifference on the part of the prison officials because they removed his ground floor housing restrictions.

A timely notice of appeal in a civil case is mandatory and jurisdictional. Bowles v. Russell, 127 S. Ct. 2360, 2363-66 (2007). Jackson did not file a timely notice of appeal from the dismissal of his § 1983 complaint. See FED. R. APP. P. 4(a). Accordingly, Jackson's appeal of the judgment dismissing his § 1983 complaint is dismissed for want of jurisdiction. See Bowles, 127 S. Ct. at 2366.

Jackson's notice of appeal was timely with regard to the denial of his FED. R. CIV. P. 60(b) motion. This court reviews the district court's denial of a Rule 60(b) motion for abuse of discretion. See Warfield v. Byron, 436 F.3d 551, 555 (5th Cir. 2006).

Jackson argues that the district court erred in denying his FED. R. CIV. P. 60(b) motion which sought an extension of time to file a motion for a new trial. He avers that he was prevented from filing a timely motion for new trial under FED. R. CIV. P. 59(e) due to his restricted access to the prison library and his lack of legal knowledge. The district court did not abuse its discretion in denying Jackson's FED. R. CIV. P. 60(b) motion. A court may not extend the time for filing a FED. R. CIV. P. 59(e) motion. See FED. R. CIV. P. 6(b); Hauben v. Harmon, 605 F.2d 920, 926 (5th Cir. 1979). The judgment denying Jackson's FED. R. CIV. P. 60(b) motion is affirmed.

The district court's dismissal of Jackson's complaint as frivolous and for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Jackson is cautioned that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915.

APPEAL DISMISSED IN PART; AFFIRMED IN PART; SANCTION WARNING ISSUED.